CHIEF JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR16-5073-DGE |
| Plaintiff, | MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| DANIEL SETH FRANEY, | Noted: June 23, 2023 |
| Defendant. | |

Daniel Seth Franey, through his attorney, Assistant Federal Public Defender Rebecca Fish, moves this Court for an order granting early termination of supervised release, pursuant to 18 U.S.C. § 3583(e)(1), given Mr. Franey's conduct while on supervision and in the interest of justice. Undersigned counsel has discussed this request with Probation Officer Rhayan Taruc, who opposes the request due to past positive marijuana UAs, but notes that Mr. Franey obtained an evaluation as instructed and has maintained stable housing and employment in commercial fishing. Undersigned counsel has also consulted AUSA Todd Greenberg, who also opposes the request.

I. ARGUMENT

   A. The Court has authority to terminate Mr. Franey's supervised release.

This Court has statutory authority to modify a term of supervised release, including to terminate a term of supervised release, any time after one year of supervised release has expired if the Court "is satisfied that such action is warranted by the conduct of the defendant released dond the interest of justice[.]" 18 U.S.C.

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE
(*U.S. v. Franey*, CR16-5073-DGE) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

§ 3583(e)(1). The Court has this authority regardless of whether the term originally imposed was discretionary or mandatory. *See United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994).

### B. The Court's inquiry focuses on Mr. Franey's rehabilitation and reintegration into society.

When determining whether early termination of supervised release is appropriate, this Court considers certain, but not all, enumerated factors outlined in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). The Court must consider all § 3553(a) factors *except* "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "the kinds of sentences available[.]" While the omission of the latter factor reflects the practical matter that § 3583 deals with only one type of sentence—supervised release—the omission of the first factor, contained in 18 U.S.C. § 3553(a)(2)(A), reflects an intentional policy choice.

The primary purpose of supervised release is to facilitate the integration of people convicted of crimes back into the community rather than to punish them. *See* S. Rep. No. 98-225 at 124–25 (1983) (explaining the goal of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release"). For this reason, the need to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), is not a relevant factor in deciding whether to modify or terminate supervised release. *See* 18 U.S.C. §§ 3583(c), (e).

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE
(*U.S. v. Franey*, CR16-5073-DGE) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

As recently clarified by the Ninth Circuit, early termination of supervised release is not reserved for rare cases of exceptionally good behavior: rather, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), which quoted 18 U.S.C. § 3583(e)(1)). In deciding whether to terminate Mr. Franey's supervised release, this Court looks to his rehabilitation and progress rather than to the seriousness of the underlying offense.

C. **Mr. Franey has achieved the goals of supervised release.**

Mr. Franey has now completed approximately two years of his three-year term of supervised release. During that time, he has focused on supporting his family, establishing a positive career, and building community through his Mosque. He has demonstrated his substantial rehabilitation, and ongoing supervision is not necessary.

The Court sentenced Mr. Franey to 72 months prison and three years of supervised release, *see* Dkt. No. 46, and Mr. Franey has made the most of his sentence. While serving his custodial term, Mr. Franey took parenting, anger management, and other classes recommended by his counselors. He tried to do whatever he could to prepare himself to return to the community with the skills he would need to succeed. However, the end of Mr. Franey's custodial sentence was significantly impacted by the COVID-19 pandemic, and measures taken by the Bureau of Prisons to try to stop the spread of the disease. When Mr. Franey was released in June 2021, he had spent over a year in extremely difficult quasi-lockdown conditions.

Mr. Franey returned to his wife and two youngest children in Montesano, Washington. He has worked hard to provide for his family. Mr. Franey has used his prior experience in commercial fishing to find work. He has worked often very long

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE
(*U.S. v. Franey*, CR16-5073-DGE) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

hours fishing to ensure that his family's needs are met. However, fishing can be seasonal and very stressful for both Mr. Franey and his family. So Mr. Franey has taken courses to improve and expand his job skills. In August of last year, he earned an entry-level driver training certificate from Grays Harbor College. *See* Ex. A. He also earned a forklift operator safety training certificate. *See* Ex. B. Mr. Franey hopes to expand these job skills further to allow him to find work as a commercial driver in the future.

     Mr. Franey has also worked hard to strengthen his family relationships. He has taken an active role, alongside his wife, in parenting his two youngest children. For example, Mr. Franey and his wife help their children to continue learning at home, even beyond the public school they attend. Mr. Franey supports his children in attending religious schooling. And he recently signed his children up to participate in 4H, where he is excited to support them in learning valuable skills for their future, and developing a supportive community. In addition, Mr. Franey is working to reestablish a relationship and trust with his older four children (from a prior relationship). Last year, the Court gave Mr. Franey permission to visit his older children in Wisconsin. Mr. Franey got to spend time with his older children for the first time in years. *See* Dkt. Nos. 61, 62. Mr. Franey hopes his older children will be able to visit him this summer and continues to try to be involved in their lives, and to support them in their goals.

     Mr. Franey has taken on immense responsibility over the past two years, and did so while transitioning out of unusually difficult prison conditions. He struggled at times to deal with the stress of this. Namely, he relapsed with marijuana use and initially struggled to address this use. *See* Dkt. Nos. 58, 59, 67. However, subsequent to his last relapse in October 2022, Mr. Franey completed both a mental health and a Substance Use Disorder (SUD) assessment with Columbia Wellness and Lifeline Connections,

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE
(*U.S. v. Franey*, CR16-5073-DGE) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

respectively. Mr. Franey participated openly in both assessments, and the treatment providers in each instance recommended no further treatment.[1]

Indeed, Mr. Franey has found a positive way to support himself through stressful situations. He has engaged with his faith community. He and his family are Muslim and attend regular services. Mr. Franey has found that his faith is his strongest guiding factor to abstain from marijuana relapse. And he and his wife have sought more ways to stay involved in the faith community beyond services, including religious classes for their children, and their plan to volunteer more during Ramadan later this year. Mr. Franey has successfully established a pro-social life, and ongoing supervision is not necessary.

Mr. Franey has demonstrated that he is thoroughly deterred from criminal conduct, that he poses no danger to the public, and that he has rehabilitated himself and is able to continue accessing any needed supports, training, or education on his own. *See* 18 U.S.C. § 3553(a)(2)(B)–(D). Furthermore, Mr. Franey had limited criminal history prior to his conviction in this case, and has put that chapter of his life behind him. Instead, his priorities are his family, his faith, and his work. Mr. Franey's history and characteristics affirm that ongoing supervision is not needed. *See* 18 U.S.C. § 3553(a)(1).

### D. Ongoing supervision is limiting Mr. Franey's growth opportunities.

Mr. Franey has already demonstrated his substantial rehabilitation. However, he has goals to further improve his career and his family relationships. Continued supervision makes these goals harder to achieve.

Mr. Franey has significant skills in commercial fishing, and is working to develop skills in commercial driving as well, as detailed below. However, his current

---

[1] Counsel has received and reviewed these assessments, but is not attaching them here as they contain Mr. Franey's sensitive medical information.

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE
(*U.S. v. Franey*, CR16-5073-DGE) - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

job opportunities are limited by his travel restrictions while on supervised release. Even the time needed to make out-of-district travel requests limits Mr. Franey's ability to accept well-paying jobs that would take him out of state either on a fishing boat, or in a commercial truck. Mr. Franey has a goal of one-day earning enough to purchase his own commercial truck to take shipping and trucking jobs. But, while limited to in-state travel, this goal is out of reach. Similarly, ongoing UA request cause Mr. Franey to miss out on work. Due to the short notice and timing, this often causes him to miss a whole day of work, limiting his ability to earn income for his family, or to save for their future.

Additionally, Mr. Franey has numerous supportive family members who live out of state. As discussed above, Mr. Franey's older children live out of state. It has been difficult to rebuild his relationship with them, particularly given the substantial advance notice and approval needed for him to visit them. In addition, Mr. Franey has a supportive cousin in Idaho, siblings and his mother in Oregon, and siblings and his father in Alaska. Mr. Franey's ability to see these relatives, and to bring his children to spend time with them, has been restricted by his supervision.

Supervised release is no longer necessary for Mr. Franey. To the contrary, ongoing supervision is limiting his abilities to continue growing his career and strengthening his positive family relationships.

## II.   CONCLUSION

Mr. Franey asks this Court to terminate his supervised release at this time. He has substantially rehabilitated himself. At this point, supervision is limiting his continued self-improvement more than it is facilitating it. Mr. Franey transitioned back into the community during an unusually difficult time due to the COVID-19 pandemic. He addressed his struggles with marijuana relapse and treatment professionals recommend no further treatment for him. He is a hard-working father, husband, and

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE
(*U.S. v. Franey*, CR16-5073-DGE) - 6

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1  man of faith who has rehabilitated himself and is contributing positively to his
2  community. Mr. Franey has not had a violation of supervision in nearly eight months
3  and has served approximately two of the three years of supervised release imposed.
4  Whereas continued supervision imposes some cost without providing an equivalent
5  benefit, releasing Mr. Franey from supervision serves "the interests of justice." 18
6  U.S.C. § 3583(e)(1) and he respectfully requests the Court grant his motion.
7       DATED this 15th day of June, 2023.

                              Respectfully submitted,

                              s/ *Rebecca Fish*
                              Assistant Federal Public Defender
                              Attorney for Daniel Seth Franey

MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE
(*U.S. v. Franey*, CR16-5073-DGE) - 7

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**